## Continental Portland Cement Company, Appellant, v. John W. Koch et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Bill by Continental Portland Cement Company, complainant, against John W. Koch, George E. Foster, Henriette M. E. Koch, Marie C. Joesting, Alton Savings Bank and Citizens National Bank, defendants, to set aside an alleged transfer of real estate and of shares of stock in a certain company alleged to have been made by John W. Koch to his wife in fraud of creditors. From a judgment for defendants, complainant appeals.

W. P. EARLY, for appellant.

LEVI DAVIS, for appellees John W. and Henriette M. E. Koch.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 290*—*when party not bound by conclusions of witness.* A party is not bound by the conclusions of adverse parties who are called as witnesses in its behalf.

2. FRAUDULENT CONVEYANCES, § 58*—*when husband has right to make gift of corporate stock to wife.* If a husband is not indebted at the time he makes a transfer of corporate stock to his wife, or has ample property to pay what little indebtedness exists, he has a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

right to make a gift of such stock unless the gift is made in anticipation of committing a fraud upon creditors.

3. FRAUDULENT CONVEYANCES, § 58*—*what creditors may avoid transfer of corporate stock by husband to wife.* Only creditors having claims when a fraud is committed by a husband in making a transfer of stock to his wife can avoid the conveyance, unless it be shown that the conveyance was made in anticipation of incurring debts, to avoid the payment of which the conveyance was made.

4. FRAUDULENT CONVEYANCES, § 58*—*when deemed that transfer of stock by husband to wife was not in anticipation of indebtedness.* It must be deemed that the transfer of corporate stock by a husband to his wife at a time when he owed very little indebtedness was not in anticipation of indebtedness incurred only as surety for a corporation in which he was a stockholder, and two years after such transfer.